IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| BEAUMONT KEY SERVICES, L.L.C. | § § | |
| Petitioner, | § § | |
| VS. | § § | NO. 3-05-CV-0973-L |
| UNITED STATES OF AMERICA | § § | |
| Respondent. | § § | |

## MEMORANDUM ORDER

Petitioner Beaumont Key Services, L.L.C. has filed a motion to quash an IRS summons served on Citizens National Bank of Waxahachie, Texas. For the reasons stated herein, the motion is denied.

I.

The Internal Revenue Service ("IRS") is currently investigating petitioner's potential tax liability for the periods ending June 30, 2003, September 30, 2003, June 30, 2004, September 30, 2004, and December 31, 2004. (Resp. Ans., Attch. 1 at 1, ¶ 2). In furtherance of that investigation, the IRS summoned records from Citizens National Bank ("CNB") pertaining to accounts held by petitioner from April 1, 2003 to September 30, 2003 and from April 1, 2004 to December 31, 2004. (Pet. Mot., Exh. A).[1] The summons was issued on April 20, 2005 and served on CNB by certified mail, return receipt requested. (Resp. Ans., Attch. 1 at 1, ¶¶ 3-4). CNB complied with the summons by producing records to the IRS on May 9, 2005. (*Id.*, Attch. 1 at 2, ¶ 5).

---

[1] Among the records summoned by the IRS are signature cards, corporate resolutions, financial statements, loan agreements, and copies of two checks written by petitioner on its accounts for each month during the relevant time periods. (*See* Pet. Mot., Exh. A).

On May 12, 2005, petitioner filed this action to quash the IRS summons. According to petitioner, the bank records are not related to any tax liability or the collection of taxes, which have been substantially paid through levies and voluntary payments. Petitioner further alleges that it already has produced "numerous" documents to the IRS. Alternatively, petitioner maintains that the summons was issued for an improper purpose. The IRS counters that the motion is untimely and, in any event, petitioner has failed to establish any appropriate grounds for quashing the third-party summons. The issues have been fully briefed by the parties and this matter is ripe for determination.

II.

The IRS is authorized to examine books, papers, records, and other data for the purpose of determining the tax liability of any person. 26 U.S.C. § 7602(a). A taxpayer may move to quash a summons when third-party records are involved. *Id.* at § 7609(b)(2).[2] In order to challenge a third-party summons, the taxpayer must file a motion to quash in federal district court within 20 days from the date on which notice of the summons is mailed to the taxpayer. *Id.* at § 7609(b)(2)(A). *See also Shisler v. United States*, 199 F.3d 848, 850 (6th Cir. 1999); *Family Care Trust v. United States*, 2000 WL 769227 at *1 (N.D. Tex. Jun 14, 2000). This 20-day rule operates as a waiver of sovereign immunity and, therefore, is jurisdictional in nature. *See Ponsford v. United States*, 771 F.2d 1305, 1309 (9th Cir. 1985).

The summons to CNB was issued on April 20, 2005. (Pet. Mot., Exh. A). Petitioner alleges that it received a copy of the summons on April 22, 2005. (*Id.* at 1, ¶ I). This action was filed exactly 20 days later on May 12, 2005. However, the 20-day filing period commences when notice

---

[2] "Third-party records" are those which contain information about transactions between the taxpayer and parties other than the summoned party. *See Rapp v. Commissioner of Internal Revenue*, 774 F.2d 932, 934 (9th Cir. 1985); *United States v. Income Realty and Mortgage, Inc.*, 612 F.2d 1224, 1226 (10th Cir. 1979), *cert. denied*, 100 S.Ct. 2918 (1980). Included are records of "any mutual savings bank, cooperative bank, domestic building and loan association, or other savings institution chartered and supervised as a savings and loan or similar association under Federal or State law, any bank or any credit union[.]" 26 U.S.C. § 7603(b)(2).

of the summons is *mailed* to the taxpayer, not when the notice is *received*. *See Riggs v. United States*, 575 F.Supp. 738, 740-41 (N.D. Ill. 1983). The record is devoid of any evidence establishing the date on which notice of the summons was mailed to petitioner. Absent such evidence, the government cannot prove that this action is untimely. *See Callahan v. Schultz*, 783 F.2d 1543, 1545 (11th Cir. 1986) (applying "adverse inference" rule to deny motion to dismiss where government did not support its claim of untimeliness with competent evidence).

### III.

To obtain enforcement of a summons, the government has the initial burden to show that: (1) the investigation is being conducted for a legitimate purpose; (2) the summons is relevant to that purpose; (3) the information sought is not already in the possession of the IRS; and (4) all proper administrative procedures have been followed. *United States v. Powell*, 379 U.S. 48, 57-58, 85 S.Ct. 248, 254-55, 13 L.Ed.2d 112 (1964). The burden of establishing a prima facie case is "slight" or "minimal" and can be satisfied by presenting the sworn affidavit testimony of the agent who issued the summons. *See Mazurek v. United States*, 271 F.3d 226, 229-30 (5th Cir. 2001); *United States v. Davis,* 636 F.2d 1028, 1034 (5th Cir.), *cert. denied*, 102 S.Ct. 320 (1981). Once the government establishes a prima facie case, the burden shifts to the taxpayer to rebut the *Powell* factors or demonstrate that enforcement of the summons would result in an abuse of process. *Mazurek*, 271 F.3d at 230.

The government has established a prima facie case for judicial enforcement of the summons. In a sworn declaration, Revenue Officer Belinda Gonzalez-Allen states that: (1) the IRS is conducting a Trust Fund Recovery Penalty investigation into the tax liability of petitioner for the periods ending June 30, 2003, September 30, 2003, June 30, 2004, September 30, 2004, and December 31, 2004; (2) the records summoned from CNB are necessary to that investigation; (3)

the information sought is not already in the possession of the IRS; and (4) all administrative steps required for issuance of the summons have been taken. (*Id.*, Attach. 1 at 1-2, ¶¶ 2, 6 & 7).

In an attempt to rebut the government's prima facie case, petitioner argues that the IRS has not properly applied amounts received through levies and voluntary payments[3] to any outstanding tax liability and that payroll records, not bank records, would be more relevant to the objective of the investigation. A summons enforcement action is not the proper vehicle for challenging the amount of a tax deficiency. *See United States v. Kis*, 658 F.2d 526, 535 (7th Cir. 1981), *cert. denied*, 102 S.Ct. 1712 (1982). Rather, the sole reason for such a proceeding is to ensure that the IRS has issued a summons for a proper purpose. *Id.* The IRS may summon information and documents for the legitimate purpose of ascertaining the correctness of a tax return or determining tax liability. *See United States v. Caltex Petroleum Corp.*, 12 F.Supp.2d 545, 533 (N.D. Tex. 1998) (Kaplan, J.) (citing cases). Information is relevant if it "might shed light on" any aspect of the investigation. *Id.* at 554. Clearly, the financial documents summoned by the IRS are relevant to the ongoing investigation of petitioner's tax liability for the periods in question. That other documents may be more relevant is beside the point.

Nor has petitioner shown that enforcement of the summons would constitute an abuse of the court's process. To establish abuse of process, petitioner must produce evidence of bad faith or egregious misconduct on the part of the government. *Id.* at 555. This heavy burden is consistent with the reluctance of courts to circumscribe the broad summons authority given the IRS. *Id.* Petitioner alleges that the summons was issued for an improper purpose because the IRS has ignored repeated requests to schedule a due process hearing. (*See* Pet. Mot. at 3, ¶ VI). Such a refusal, even

---

[3] Gonzalez-Allen acknowledges that petitioner has made payments to the IRS totaling $36,312.58 and that an additional $39,163.61 has been recovered through levies. However, there still is an outstanding tax liability of $124,051.97. (Resp. Ans., Attach. 1 at 2, ¶ 8).

if proved, falls far short of the egregious misconduct required to prove an abuse of process. *See, e.g. United States v. Texas Heart Institute*, 755 F.2d 469, 482 (5th Cir. 1985) (bad faith found where IRS planned to unlawfully disclose the summoned documents); *United States v. Deak-Perera & Co.*, 566 F.Supp. 1398, 1402 (D. D.C. 1983) (bad faith found where IRS committed fraud in gathering information used to issue the summons).

## CONCLUSION

Petitioner has failed to rebut the government's prima facie case that its investigation is being conducted for a legitimate purpose, that the summons issued to CNB is relevant to that purpose, that the information sought is not already in the possession of the IRS, and that all proper administrative procedures have been followed. Nor is there any evidence of bad faith or abuse of process on the part of the IRS. Accordingly, petitioner's motion to quash the summons is denied.

SO ORDERED.

DATED: August 19, 2005.

JEFF KAPLAN
UNITED STATES MAGISTRATE JUDGE